# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JESUS RAY BROADIE a/k/a**
**JESSIE RAY BROADIE,**
          **Plaintiff,**

   v.                                               **Case No. 07-C-742**

**DON STROHOTA, BRUCE A. SIEDSCHLAG,**
**MICHAEL THURMER, and LT. BRENNER,**
          **Defendants.**

---

**JESUS RAY BROADIE,**
          **Plaintiff,**

   v.                                               **Case No. 07-C-743**

**DON STROHOTA, MICHAEL THURMER,**
**BRUCE A. SIEDSCHLAG, and LT. BRENNER,**
          **Defendants.**

---

## ORDER

Plaintiff Jesus Ray Broadie, who is incarcerated at the Waupun Correctional Institution, filed these two pro se civil rights actions pursuant to 42 U.S.C. § 1983 along with motions for leave to proceed in forma pauperis. In both cases, plaintiff has been assessed and paid initial partial filing fees of $14.12. As a result, the cases are ready for screening pursuant to 28 U.S.C. § 1915A.[1]

---

[1] That statute provides in relevant part:

    (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

However, on December 18, 2007 and January 4, 2008, plaintiff filed a request to consolidate these cases. He also asks for a 60-day extension of time in which to file an amended complaint, to "collect allegations facts put it all in [sic]", and he states, "I also would like the two suits, cases, Case Nos. 07c0742 - 07c0743 consolidated, put it in uno, one." (Pl.'s Dec. 12, 2007, Aff. at 1-2.) Plaintiff has also asked to consolidate these cases with a third case, Case No. 07-C-1107, for which plaintiff has not yet paid his initial partial filing fee. Because plaintiff has not yet paid his fee, I cannot consider whether the allegations of that case are appropriate for consolidation with the above-captioned cases.

Plaintiff's Case Numbers 07-C-742 and 07-C-743 are at identical procedural stages and both cases allege Eighth Amendment violations based on the conditions and the treatment plaintiff was subjected to at Waupun Correctional Institution. In addition, the cases name the same defendants. Thus, plaintiff may consolidate Case Nos. 07-C-742 and 07-C-743. See Fed. R. Civ. P. 42(a). However, plaintiff is advised that if he consolidates these cases, he will still have two open cases. The effect of consolidation is that the court will consider the two separate cases together. Thus, if he wants to amend the complaint in both cases, plaintiff will need to file two amended complaints, one for each case.

Instead of consolidation, the course of action which it appears plaintiff wants to take is to simply have one case open with all allegations from all three of his cases – 07-C-742, 07-C-743 and 07-C-1107 – in one case. In order to do this, plaintiff would have to voluntarily

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a), (b).

dismiss two of his cases and file an amended complaint in the case which remains open containing all of the defendants and all of his allegations that are appropriate for joinder. If plaintiff takes this action, I note that he will still owe the filing fee assessed in Case Nos. 07-C-742 and 07-C-743. See 28 U.S.C. § 1915(b)(1).

Thus, I will hold off on ruling on consolidation at this time. Plaintiff should advise the court on or before January 25, 2008, if he wishes to consolidate these two cases, which means that he will continue to proceed with two separate actions, or if he would prefer to voluntarily dismiss one or two of his cases and file an amended complaint in the remaining action containing all of his allegations. If he takes the second action, he must specify the case(s) that he wishes to voluntarily dismiss.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that on or before **January 25, 2008**, plaintiff advise the court whether he wishes to consolidate his two cases, or if he wishes to dismiss one of his cases and proceed with only one action.

Dated at Milwaukee, Wisconsin, this 11th day of January, 2008.

/s
LYNN ADELMAN
District Judge