# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESUS RAY BROADIE,
        Plaintiff,

    v.                       Case No. 07-C-743

DON STROHOTA, MICHAEL THURMER,
BRUCE A. SIEDSCHLAG and LT. BRENNER,
        Defendants.

## DECISION AND ORDER

Plaintiff, a Wisconsin state prisoner, lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

### I. IFP MOTION

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He has been assessed and paid an initial partial filing fee of $14.12. Thus, I will grant plaintiff's motion.

## II. SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). To state a claim for

relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980).

In deciding whether a complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Of course, if a complaint pleads facts that show that the plaintiff does not have a claim, the court should dismiss it "without further ado." Id. at 970.

Plaintiff is currently incarcerated at Waupun Correctional Institution. Defendants are Don Strohota, Bruce A. Siedschlag, Michael Thurmer, and Lt. Brenner. Plaintiff may also want to add additional defendants, but this is not clear. Plaintiff's complaint is barely legible. It appears that plaintiff believes he was placed in segregation status without due process and in the absence of evidence of a rule violation, with his sentence and conviction used as justification; that he was placed in administrative confinement for violations for which he was already punished; and that he is suffering and is in pain and agony. Plaintiff asks to be let out of lockup and seeks $1 million in compensation.

Although far from clear, plaintiff seems to be attempting to advance a Fourteenth Amendment procedural due process claim and an Eighth Amendment conditions of confinement claim regarding the segregation facility. The Fourteenth Amendment prohibits

3

a state from depriving an individual of liberty or property without due process of law. Prisoners do not generally have a liberty interest in remaining in the general prison population, but the Seventh Circuit has not entirely ruled out the possibility that an extreme, or extremely lengthy, period of segregation could implicate a prisoner's liberty interest. Lekas v. Briley, 405 F.3d 602 (2005). The Eighth Amendment protects prisoners against cruel and unusual punishment during confinement. U.S. Const. amend. VIII.

Plaintiff's complaint does not describe how each defendant was involved in any Fourteenth or Eighth Amendment violation. In order to assert a claim against a party under § 1983, a plaintiff must allege some personal participation or involvement by that party in the alleged constitutional violation. See Duckworth v. Franzen, 780 F.2d 645 (7th Cir. 1985). A plaintiff must allege that each defendant was in some way personally responsible for the alleged deprivations, and that the deprivations occurred with that defendant's knowledge and consent. See Smith v. Rowe, 761 F.2d 360 (7th Cir. 1985).

I will give plaintiff an opportunity to file an amended complaint that identifies each defendants' personal involvement, if any, in his claims. Plaintiff should specify how each defendant allegedly violated his rights. Plaintiff must file such amended complaint on or before **March 7, 2008**. He must caption the amended complaint with the docket number assigned to this case and label it "Amended Complaint." An amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). In Duda, the appellate court emphasized that the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. (citations omitted). If plaintiff files an amended complaint, I will screen it pursuant to 28

4

U.S.C. § 1915A. Failure to file an amended complaint by March 7, 2008 may result in dismissal of this action.

Plaintiff should make an effort to write clearly. I have had difficulty reading his writing because plaintiff traces over each letter several times with his pen. Plaintiff should write each letter one time without tracing over it so that I may understand his allegations.

### III. CONSOLIDATION

On January 11, 2008, pursuant to plaintiff's requests to consolidate Case Nos. 07-C-742 and 07-C-743, I advised plaintiff about the effect of consolidation and noted that, based on his filings, it appeared that he might actually want to dismiss one of cases and file one amended complaint in the case that remained open. Specifically, I advised plaintiff that if he consolidated Case Nos. 07-C-742 and 07-C-743, he would still have two open cases and that if wanted to amend the complaint in both cases, he would need to file two amended complaints, one for each case. In short, the effect of consolidation is that the court will consider the two separate cases together. I directed plaintiff to inform the court on or before January 25, 2008, whether he wished to consolidate his two cases, or alternatively dismiss one of his cases and proceed with only one action.

On January 22, 2008, plaintiff filed a document stating in relevant part that he wants to continue to proceed with both cases and to "keep the ball rolling" with them. It is not clear from plaintiff's filing if he still wants to consolidate. However, regardless, I cannot consolidate the actions until it is clear that the allegations in each complaint are appropriate for consolidation. Thus, I cannot grant plaintiff's request to consolidate the actions before he files his amended complaint. Accordingly, I will deny without prejudice plaintiff's request to consolidate.

5

**For the reasons stated,**

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before **March 7, 2008**, plaintiff shall file an amended complaint curing the defect in the original complaint as described herein. Failure to file an amended complaint may result in dismissal of this action with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's request to consolidate is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $335.88 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 13 day of February, 2008.

/s_____
LYNN ADELMAN
District Judge